IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham, ) | |
| ) | Civil Action No. 6:13-694-JMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Warden McCall, *LCI*; Assoc. Warden ) | |
| Nolan, *LCI*; Assoc. Warden Brooks, *LCI*;) | |
| Major Dean, *LCI*; SMU Admin. ) | **REPORT OF MAGISTRATE JUDGE** |
| Oberman *LCI*; Commissary Hancock, ) | |
| *LCI*; Commissary Canty, *LCI*; Lt. Brown, ) | |
| *LCI*; Lt. Johnson, *LCI*; Lt. Richardson, ) | |
| *LCI*; Sgt. Butterbaugh, *LCI*; Sgt. ) | |
| McBride, *LCI*; Cpt. West, *LCI*; Ofc. ) | |
| Thompson, *LCI*; Ofc. Choice, *LCI*; Ofc. ) | |
| Dillman, *LCI*; Ofc. Wilson, *LCI*; Ofc. ) | |
| Barr, *LCI*; Sgt. Brown, *LCI*; H. Johnson, ) | |
| *Sgt. LCI*; Library Coordinator Desai, ) | |
| *LCI*; Cpt. Commander, *LCI*; and Ofc. ) | |
| Finklea, *LCI*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 32). The plaintiff, a state prisoner who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

The plaintiff is currently incarcerated in the Special Management Unit ("SMU") at Lee Correctional Institution ("LCI"), a South Carolina Department of Corrections ("SCDC") facility, where he is serving a life sentence for murder. The defendants have been SCDC

employees at all times relevant to this case. In his complaint, the plaintiff seeks declaratory and injunctive relief and monetary damages, complaining that since May 1, 2012, the defendants have deprived him of: (1) all forms of out-of-cell recreation; (2) appropriate and adequate amounts of personal hygiene supplies; (3) appropriate and adequate showers, which the plaintiff claims should be allowed at least 12 times a month under SCDC policy; and (4) all access to reading material from the institution's library and from publications companies. He alleges violations of his First, Eighth, and Fourteenth Amendment rights.

On June 7, 2013, the defendants filed a motion for summary judgment (doc. 32). By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. After requesting and receiving several extensions of time, the plaintiff filed his response in opposition to the motion for summary judgment on October 24, 2013 (doc. 74).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

### *Hygiene Items*

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment regarding the conditions of his confinement, a prisoner must prove that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *See Strickler v.* Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). The first prong of the *Strickler* analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

The plaintiff contends that since May 1, 2012, he has not received adequate amounts of hygiene items (doc. 1 at p. 4). He contends that "until recently" he was only given one bar of soap, one toothpaste, one toothbrush, and one deodorant per month (doc. 74 at p. 12). The plaintiff states that after he filed grievances concerning hygiene items, he and other inmates began to receive an additional bar of soap every month (*id.*). The

defendants note that this issue is also before the court in a case previously filed by the plaintiff, *Ham v. Sly*, C.A. No. 6:12-2998-JMC-KFM. In *Ham v. Sly*, the undersigned recently recommended that summary judgment be granted on this claim as the plaintiff cannot satisfy the *Strickler* test (*see* C.A. No. 6:12-2998-JMC-KFM, doc. 97). While the plaintiff claims that his allegations in the instant case are different because they "only date back to May 1, 2012" (doc. 74 at p. 5), otherwise the facts alleged in the previous case are exactly the same as those alleged here, with the exception that "recently" the plaintiff's situation improved when he started receiving an extra bar of soap. As the plaintiff's claim regarding inadequate hygiene items is before the court in *Ham v. Sly*, C.A. No. 6:12-2998-JMC-KFM, it will not be further addressed here, and the claim should be dismissed for the reasons articulated in the earlier case.

*Showers*

The plaintiff further alleges that he has been denied "appropriate and adequate showers" since May 1, 2012 (doc. 1 at pp. 3-4), which he claims violates his Eighth Amendment rights. In his response in opposition to the motion for summary judgment, the plaintiff states that "lack of appropriate and adequate amounts of showers can cause a person to catch staph, MRSA, and other contagious, deadly infection and/or diseases" (doc. 74 at p. 9). He further notes that SCDC policy provides that an inmate in SMU "will have the opportunity to shower at least three times a week" unless the inmate refuse his shower or forfeits his shower by way of his recalcitrant behavior (*id.*). The plaintiff claims that he was provided two showers in September 2012, five showers in October 2012, three showers in November 2012, two showers in December 2012, five showers in January 2013, five showers in February 2013, four showers in March 2013, five showers in April 2013, five showers in May 2013, five showers in June 2013, and four showers in July 2013 (*id.* at pp. 9-10; *see also* doc. 74-4).

The law is clear that bathing opportunities may be severely reduced or curtailed without violating an inmate's Eighth Amendment rights. *See, e.g., Shakka v. Smith*, 71 F.3d 162, 168 (4th Cir.1995) (inmate's constitutional rights were not violated where he

was not given access to shower for three days after having feces thrown on him by fellow inmates, because he had access to water with which to clean himself); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316–17 (7th Cir. 1988), cert. denied, 488 U.S. 908 (1988) (holding that restricting inmates in segregated confinement to one shower per week did not violate their constitutional rights); *Sarratt v. Ozmint*, C.A. No. 2:09-541-HFF-RSC, 2009 WL 3861135, at *5 (D.S.C. Nov. 17, 2009) (granting summary judgment on inmate's claim that he was not allowed adequate showers); *Blackburn v. South Carolina*, C.A. No. 0:06-2011-PMD-BM, 2009 WL 63254, at *17 (D.S.C. March 10, 2009) (ten days without a shower and, after that, an average of one shower per week was not a constitutional deprivation).

Here, the facts are not sufficiently distinguishable from *Davenport* and other cases in which the opportunities to shower for inmates in segregated confinement were severely reduced. As to the plaintiff's argument that SCDC did not follow its own procedures, that alone does not give rise to a valid claim. *See Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992) ("[Section 1983] guarantees a person's constitutional rights against violation by state actors. It does not provide any relief against prison rules violations assuming, *arguendo*, that such a violation occurred."). Accordingly, the defendants are entitled to judgment as a matter of law.

*Out of Cell Recreation*

The plaintiff alleges that since May 1, 2012, "he has been denied all forms of out-of-cell recreation" (doc. 1 at p. 3), which he claims violates his Eighth Amendment rights. "[I]n certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment." *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir.1980). The Fourth Circuit has held that in order to sustain a Section 1983 claim for lack of exercise, a plaintiff must produce "evidence that he has sustained a[ ] serious or significant physical or emotional injury as a result of these conditions." *Strickler*, 989 F.2d at 1381. The plaintiff has not made an allegation of physical or emotional injury related to a lack of out of cell recreation, nor has he set forth evidence of the same. Thus, the plaintiff's allegations do not rise to a constitutional violation, and the

defendants are therefore entitled to summary judgment on this claim. *See Wright v. Webber*, C.A. No. 1:11-2199-TLW-SVH, 2012 WL 3303521, at *6 (D.S.C. July 3, 2012) (granting summary judgment on inmate's Eighth Amendment claim alleging he was denied outside recreation), *R&R adopted by* 2012 WL 3308030 (D.S.C. Aug. 13, 2012).

### *Reading Materials*

Lastly, the plaintiff alleges that his First Amendment rights have been violated by the defendants "hinder[ing] [him] from receiving books and/or magazines from a publication company and from the institutional library" (doc. 74 at p. 6) (emphasis in original). In his response in opposition to the motion for summary judgment, the plaintiff references "Exhibits Q and R of Plaintiff's Complaint" in support of this claim (doc. 74 at p. 6). However, the plaintiff's complaint does not contain exhibits labeled as such (*see generally* doc. 1).

In *Ham v. Padula,* C.A. No. 6:10-3058-JMC-KFM (D.S.C.), the plaintiff filed a Section 1983 claim challenging the constitutionality of the policy which he now alleges has been violated by the defendants since May 2012. In that case, the plaintiff alleged that he ordered a book from the Georgetown University Law Center to be delivered to his cell in the SMU. The book was refused by the LCI mail room and marked "return to sender" due to the plaintiff's housing assignment in the SMU. The plaintiff alleged that the SMU policy restricting access to books for SMU inmates to those available from Library Services violated his First Amendment rights and contended that an SMU prohibition on inmates' receipt by mail of subscription magazines, newspapers, and books was unconstitutional. The defendants' summary judgment motion was granted (C.A. No. 6:10-3058-JMC-KFM, doc.86, *adopted by* doc. 89), and the judgment was affirmed by the Fourth Circuit.

In *Ham v. Padula* and in the instant case, the defendants presented the affidavit of Robert E. Ward, Director of Division of Operations (doc. 32-4) in support of summary judgment. Director Ward attested that the inmates in the SMU are allowed one primary religious book and one book or magazine obtained through Library Services. They are required to turn in one book or magazine to Library Services to receive a new one.

Books and magazines are subject to request from the Library Services using a "book request" form. These restrictions serve as incentive for inmates to modify their behavior so as to return to the general population with fewer restrictions. Also, for security reasons, there is less paper and hiding places for contraband and weapons or to cover cell windows, stop up toilets, or set fires (doc. 32-4, Ward aff. ¶¶ 1-9).

The court ruled in *Ham v. Padula* that the SMU policy met the factors outlined in *Turner v. Safely*, 482 U.S. 78 (1987) as the policy is rationally related to legitimate and neutral governmental objectives; enforcement of the policy does not cause the plaintiff to be deprived of all books and reading material; without it, correctional officials would otherwise not have this method of rewarding good behavior and punishing inappropriate behavior; and the plaintiff offered no reasonable alternatives if the policy were eliminated (6:10-03058-JMC-KFM, doc. 86, *adopted by* doc. 89). *See also Damballah v. Byars*, 2013 WL 6019367, at *5-6 (D.S.C. Nov. 13, 2013) (holding that SCDC policy allowing only one book or magazine from Library Services in the SMU is reasonably related to a legitimate penological goal).

In this case, the plaintiff makes the additional allegation that "when [he] inquired about receiving reading material either from the institution library or thru the mail from a publication company, [he] was denied this right because of other inmates" (doc. 1 at p. 4). The plaintiff attached to his complaint a Step One grievance in which he alleged on June 19, 2012, that "the Library Services hasn't been to the SMU in about 2½ months" (doc. 1-2). The plaintiff also attached a request to Associate Warden Brooks dated July 16, 2012, in which he alleged that he was "advised by the Library Service Coordinator that the inmates in SMU cannot receive book[s] nor magazines from the library" (doc. 1-1). In response to the motion for summary judgment, the plaintiff argues only that the defendants have "hindered" him from receiving books and magazines from LCI's library (doc. 74 at p. 6).

The plaintiff's vague allegations cannot survive summary judgment. The plaintiff has submitted no evidence showing that he ever submitted a book request form to

7

Library Services and was denied. Moreover, the plaintiff has not shown that the alleged current practice of the SCDC "hindering" his access to the library is a permanent one. As to the plaintiff's argument that SCDC did not follow its own procedures, that alone does not give rise to a valid claim. *See Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992) ("[Section 1983] guarantees a person's constitutional rights against violation by state actors. It does not provide any relief against prison rules violations assuming, *arguendo*, that such a violation occurred."). As the plaintiff has failed to point to specific facts in the record that could lead a rational trier of fact to find in his favor, summary judgment for the defendants is appropriate on this claim.

### *Qualified Immunity*

The defendants further argue that they are entitled to qualified immunity as their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.* In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999). As discussed above, the plaintiff has failed to show that the defendants violated any of his constitutional or statutory rights. Therefore, the defendants are entitled to the protections afforded by the doctrine of qualified immunity.

*Eleventh Amendment Immunity*

The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. *Id.* The defendants are employees of the SCDC. As a result, the defendants are entitled to Eleventh Amendment immunity to the extent the plaintiff has alleged claims for monetary relief against them in their official capacities.

*State Law Claims*

Having found that the defendants are entitled to summary judgment regarding the plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief construed by the court to be asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment (doc. 32) be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

December 16, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).