**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Angelo Ham, ) | |
| ) | Civil Action No. 6:13-cv-00694-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden McCall, *LCI*; Assoc. Warden ) | |
| Nolan, *LCI*; Assoc. Warden Books, *LCI*; ) | |
| Major Dean, *LCI*; SMU Admin. Oberman, ) | |
| *LCI*; Commissary Hancock, *LCI*; ) | |
| Commissary Canty, *LCI*; Lt. Brown, *LCI*; ) | |
| Lt. Johnson, *LCI*; Lt. Richardson, *LCI*; ) | |
| Sgt. Butterbaugh, *LCI*; Sgt. McBride, *LCI*; ) | |
| Cpt. West, *LCI*; Ofc. Thompson, *LCI*; Ofc. ) | |
| Choice, *LCI*; Ofc. Dillman, *LCI*; ) | |
| Ofc. Wilson, *LCI*; Ofc. Barr, *LCI*; ) | |
| Sgt. Brown, *LCI*; H. Johnson, Sgt. *LCI*; ) | |
| Library Coordinator Desai, *LCI*; ) | |
| Cpt. Commander, *LCI*; and ) | |
| Ofc. Finklea, *LCI*, ) | |
| ) | |
| Defendants. ) | |
| _____ | |

Plaintiff, appearing *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983 (2012). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 76) recommending that Defendants' Motion for Summary Judgment (ECF No. 32) be granted. For the reasons set forth below, the court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 32).

### I.     FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual background of the matter. (*See generally* ECF No. 76.) The court concludes upon its own careful review of the record that the Report's factual summation is accurate, and the court adopts this summary as its own.

1

This court previously issued an Order adopting the Report, (ECF No. 77), to which Plaintiff filed a Motion for Reconsideration (ECF No. 77).  This court construed that Motion as one wherein Plaintiff's chief grievance was that he had not received the Report, that which disallowed him from being able to timely file objections.  (ECF No. 83 at 1.)  This court granted Plaintiff's Motion for Reconsideration.  (*Id.*)  More specifically, this court directed the Clerk of Court to mail a copy of the Report to Plaintiff and instructed Plaintiff as to the deadline for filing his objections.  (*Id.* at 2.)  The court considers here the Report and Plaintiff's Objections (ECF No. 86) to that Report.

## II.     LEGAL STANDARD

### A.  *The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) (2012) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).  It reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Orpiano*, 687 F.2d at 47.  The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

### B.  *Motion for Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition

2

of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

### III.     ANALYSIS

A. *The Court's Review of Plaintiff's Objections*

In his Report, the Magistrate Judge determined:

1) that Plaintiff's contention that he has received an inadequate amount of hygiene items should be dismissed for the reasons the Magistrate Judge already articulated in another matter in which Plaintiff argues the same claim, (ECF No. 76 at 4 (explaining that Plaintiff's claim does not survive the applicable legal standard of *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993));

3

2) that Defendant's Motion for Summary Judgment (ECF No. 32) should be granted with regard to Plaintiff's claim that he has received inadequate bathing opportunities, (*Id.* at 5);

3) that Plaintiff's claim of insufficient out-of-cell recreation time did not arise to a constitutional violation, (*Id.*at 5–6);

4) that Plaintiff's constitutional claims regarding insufficient access to reading materials were too vague to survive summary judgment, (*Id.* at 7);

5) that Defendants are entitled to qualified immunity since they did not violate any "clearly established constitutional or statutory rights of which a reasonable person should have known," (*Id.* at 8); and

6) that Defendants are entitled to immunity "to the extent the plaintiff has alleged claims for monetary relief against them in their official capacities." (*Id.* at 9.)

In response, Plaintiff makes several objections. He first argues that dicta of the case, *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010), regarding what constitutes "deliberate indifference" by prison officials should be extended to his claim of inadequate supply of hygiene items. (*See* ECF No. 86 at 3.) Plaintiff argues that this same dicta should apply to his claim of insufficient recreational time, (*id.* at 86), despite the Magistrate Judge's finding that such a claim could not survive in this matter since he had made no "allegation of physical or emotional injury related to a lack of out of cell recreation, nor has he set forth evidence of the same." (ECF No. 76 at 5.)

As to his claim of inadequate bathing opportunities, Plaintiff objects that summary judgment should not be granted on this claim since a "reasonable person" could find that "reducing a prisoner's shower to only once a week would be a violation of the Eighth Amendments excessive

4

risk to a prisoner's health." (ECF No. 86 at 3.) However, Plaintiff simultaneously "agree[s] to the facts that a prison official can reduce the prisoners opportunities to take a shower to only once a week. (*Id.*)

Finally, Plaintiff objects to the Magistrate Judge's conclusions regarding Plaintiff's alleged lack of access to reading materials because, Plaintiff argues, Defendants inappropriately denied his privileges to such materials on account of other inmates' abuse of those privileges. (ECF No. 86 at 5–6.) Plaintiff argues that this "loss of First Amendment freedoms, for even minimal periods of time," constitutes "irreparable injury." (ECF No. 86 at 7 (citing *Erod v. Burnsi*, 427 U.S. 347, 373 (1976).)

As a threshold matter, this court notes that Plaintiff's objections appear to be no more than general disagreements with the Magistrate Judge's main determinations. As such, this court reviews the Report only for clear error. *Orpiano*, 687 F.2d at 47. And, in short, it finds no clear error here.

Specifically, the key issue in this matter before this court is whether Defendants have proven that "there is no genuine dispute as to any material fact" for the purposes of granting summary judgment. Fed. R. Civ. P. 56(a). Plaintiff's burden in response to Defendants' motion was to provide "sufficient evidence supporting the claimed factual dispute" such that it would be necessary for "a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. The Magistrate Judge found that Plaintiff had not done so, and upon review of Plaintiff's objections and the record as a whole, this court finds no reason to disagree. Despite Plaintiff's objections, this court finds that for the same reasons the Magistrate Judge issued in his Report, (*see generally* ECF No. 76), Plaintiff fails to offer enough evidence to withstand Defendants' Motion for Summary Judgment (ECF No. 32).

## IV.    CONCLUSION

This court therefore **ADOPTS** the findings of the Magistrate Judge's Report and Recommendation (ECF No. 76). It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 32) is **GRANTED** and Plaintiff's claim (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 10, 2016
Columbia, South Carolina